IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

CHARLES BARKER III

        Plaintiff,

   v.

U.S. NATIONAL BANK, *et al.*

        Defendants.

Case No. 3:14-cv-2050-MC

OPINION AND ORDER

MCSHANE, Judge:

In response to a state foreclosure action, Plaintiff Charles Barker III ("Barker"),

proceeding *pro se*, filed a 62-page complaint with 18 separate causes of action against 7 banking

and lending institutions and 25 unnamed Does (collectively "Defendants").[1] Defendants move to

dismiss the complaint for lack of standing under Federal Rule of Civil Procedure 12(b)(1) and

for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).[2] Because Barker was

---

[1] Barker initially named nine banking and lending institutions as defendants, but he has since voluntarily dismissed two of them. *See* ECF No. 20. The remaining defendants are: U.S. National Bank; U.S. Bancorp; U.S. Bank; OCWEN Loan Servicing, LLC; Mortgage Electronic Registration Systems; Bank of America; Citibank, N.A.; and Does 1-25.

[2] *See* ECF No. 25; ECF No. 28

1 – OPINION AND ORDER

not the owner of the property in question at the time he filed this action, and because his complaint does not comport in any way with federal pleading standards, the Defendants' motions to dismiss are GRANTED. Additionally, for the reasons that follow, this Court exercises its discretion to deny Barker leave to amend his complaint, and Barker is hereby ORDERED to show cause as to why this Court should not impose sanctions in the form of Defendants' reasonable costs and fees.

## BACKGROUND

In June 2006, Mary R. Dunham signed a note for a $204,750 loan, secured by real property located at 1815 East 19th Avenue, Eugene, Oregon (the "Property"). The deed of trust identified Dunham as the borrower, and she was the only signatory to the deed of trust. Although Barker purchased the Property in 2004, he transferred his interest to Dunham in 2005. Dunham transferred her interest in the Property to Woodstock Financial Corporation in 2008, which in turn transferred its interest to Zuma Enterprises, LLC ("Zuma Enterprises") in 2010.

On December 2, 2014, U.S. Bank as Trustee filed a judicial foreclosure complaint in Lane County Circuit Court[3] against Mary R. Dunham, Citibank, Zuma Enterprises, and any other person claiming an interest in the Property. Zuma Enterprises, of which Barker was the sole member, owned the Property at the time of filing. Barker brought this federal cause of action on December 29, 2014, but Barker did not transfer the Property from Zuma Enterprises to himself until January 14, 2015. In a separate action, Barker improperly attempted to remove the state foreclosure case to federal court on January 9, 2015. See No. 6:15-cv-00046 (D. Or.).

Barker's complaint lists the following causes of action: (I) Fraud; (II) Violations of ORS 86.060 et seq.; (III) Unfair, Deceptive, and Fraudulent Practices; (IV) Violations of U.S.

---

[3] *U.S. Bank National Assoc., as Trustee v. Mary R. Dunham, et al.*, Lane County Circuit Court Case No. 161424269

2 – OPINION AND ORDER

Securities Laws; (V) Breach of Fiduciary Responsibility; (VI) Violations of the Fair Debt

Collection Practices Act; (VII) Violations of the Racketeer Influenced & Corrupt Organizations

Act; (VIII) Conversion; (IX) Restraint of Trade & Public Policy; (X) Obstruction of Justice; (XI)

Wrongful Foreclosure/Quiet Title; (XII) Unfair Trade Practices; (XIII) RESPA Violations;

(XIV) Unfair & Bad Faith Dealing; (XV) Violations of the Truth-in-Lending Act; (XVI)

Violations of the Fair Debt Collection Practices Act – Section 1692; (XVII) Unjust Enrichment;

and (XVIII) Contract of Adhesion.

     Defendants move to dismiss Barker's complaint for lack of standing because he was not

the owner of the property at the time he filed the lawsuit, nor was he a party to the loan, note, or

deed of trust. Defendants also move to dismiss Barker's complaint for failure to state a claim

because it contains vague allegations of misconduct by the banking and lending industry without

identifying specific actions by any particular defendants.

## STANDARDS

     To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1), the

plaintiff has the burden to establish subject matter jurisdiction. *Ass'n of Am. Med. Coll. v. United

States,* 217 F.3d 770, 778 (9th Cir.2000). Unlike a motion under Rule 12(b)(6), the court may

consider affidavits or other evidence properly before the court that is relevant to the issue of

subject matter jurisdiction. *Id.* In order to invoke subject matter jurisdiction, the plaintiff must

establish that he or she has standing to bring a claim. *Lee v. State of Or.*, 107 F.3d 1382, 1387

(9th Cir. 1997). Standing addresses whether the plaintiff is the proper party to litigate a particular

matter. *Id.*

     To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a

complaint must contain sufficient factual matter that "state[s] a claim to relief that is plausible on

its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible on its

face when the factual allegations allow the court to infer the defendant's liability based on the

alleged conduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). The factual allegations must

present more than "the mere possibility of misconduct." *Id.* at 678.

While considering a motion to dismiss, the court must accept all allegations of material

fact as true and construe in the light most favorable to the non-movant. *Burget v. Lokelani*

*Bernice Pauahi Bishop Trust*, 200 F.3d 661, 663 (9th Cir. 2000). But the court is "not bound to

accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555. If

the complaint is dismissed, courts have discretion to deny leave to amend where amendments

would be futile. *Klamath Lake Pharm. Assoc. v. Klamath Med. Serv. Bureau*, 701 F.2d 1276,

1292 (9th Cir. 1983).

## DISCUSSION

### I.  Motion to dismiss under Rule 12(b)(1)

It is undisputed that Barker did not own the Property when he brought this action.

Nevertheless, Barker insists that he is a real party in interest because he was the sole member of

Zuma Enterprises, which owned the Property at the time Barker filed this lawsuit. However,

Barker may not bring an action *pro se* on behalf of Zuma Enterprises, even if he is the sole

member, because Zuma Enterprises is a separate legal entity. *See Simon v. Hartford Life,*

*Inc.,* 546 F.3d 661, 664 (9th Cir. 2008) ("It is well established that the privilege to represent

oneself *pro se* provided by [28 U.S.C.] § 1654 is personal to the litigant and does not extend to

other parties or entities.").

This information should not come as news to Barker because state and federal courts

have informed him of this fact multiple times before. In 2012, Barker and Zuma Enterprises filed

4 – OPINION AND ORDER

a *pro se* complaint in Multnomah County Circuit Court in response to a foreclosure action (with nearly identical claims as in this case), which the defendants eventually removed to federal court. *See Barker v. Jantzen Beach Vill. Condo. Ass'n,* 2013 WL 244474 (D. Or. Jan. 18, 2013). The initial complaint alleged "plaintiff is the owner" of the property, but did not identify whether Barker or Zuma Enterprises was the actual owner. *Id.* at *1 n.1. The Multnomah County judge dismissed the complaint with leave to amend, and the judge instructed Barker that Zuma Enterprises must retain its own legal counsel to participate in further proceedings. *Id.* at *2. Barker filed an amended complaint and did not name Zuma Enterprises as a plaintiff. *Id.* at n.2.

In 2013, Barker filed a *pro se* action in Hawaii district court that included claims on behalf of various LLCs. *See Barker v. Gottlieb,* 978 F. Supp. 2d 1168 (2013). The court dismissed the complaint with leave to amend, instructing Barker, "if the LLCs or any other business entity is added as a plaintiff in this case, the entity cannot represent itself *pro se*, and Plaintiff cannot represent the entity unless he is an attorney authorized to practice in this district." *Id.* at 1176.

Barker is not an attorney authorized to practice in the District of Oregon, so he cannot represent Zuma Enterprises in the current case. The fact that Barker transferred the Property from Zuma Enterprises to himself after he filed this action is unavailing. *See Newman-Green Inc. v. Alfonzo-Larrain,* 490 U.S. 826, 830 (1989) ("The existence of federal jurisdiction ordinarily depends on the facts as they exist when the complaint is filed."). Nor has Barker provided any documentation properly before the court to establish that he has standing in the claims arising out of the loans, note, or deed of trust that Dunham signed. As a result, Barker has not carried his burden to prove that this Court has subject matter jurisdiction over the complaint.

5 – OPINION AND ORDER

**II. Motion to dismiss under Rule 12(b)(6)**

"A pleading that states a claim for relief must contain . . . a short and plain statement of

the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). The purpose of

Rule 8(a)(2) is to "give the defendant fair notice of what the . . . claim is and the grounds upon

which it rests." *Twombly*, 550 U.S. at 545 (internal quotations omitted).

Barker's 62-page complaint is not a short and plain statement of the claims. To the

contrary, Barker's complaint can best be described as follows:

> Most of the claims assert no specific misconduct, attack the mortgage system
> in general, and are based on nothing more than notions of public policy and
> unfairness. The only alleged misconduct I can discern from plaintiffs' filings
> is that MERS served as beneficiary in at least some of the transactions at
> issue, and possibly that some defendants failed to present promissory notes at
> the time of foreclosures. That conduct, even if true, does not violate Oregon
> law.
>
> . . .
>
> Plaintiffs' two claims under the Fair Debt Collection Practices Act apparently
> assert that MERS improperly identified itself as a beneficiary. Plaintiffs'
> RICO claim alleges that the defendants created an illegal scheme of
> recordation, apparently by using MERS as a beneficiary. Plaintiffs' conversion
> claim is apparently based on defendants' "noncompliance" with Oregon law
> by designating MERS a beneficiary. The only other claim, a Truth in Lending
> Act claim, does not allege any misconduct at all but vaguely refers to
> "purposeful deception." Based on the other allegations, the only deception I
> can imagine plaintiff is referring to is "deception" tied to MERS's unlawful
> beneficiary status.

*Barker v. GMAC Mortg., LLC,* 2011 WL 4754529, at *1-2 (D. Or. Oct. 6, 2011).

One would assume that Barker's above-described 2011 action in the District of Oregon

involved different claims based on different underlying facts from Barker's 2014 action before

this Court. However, a cursory inspection of the court filings from the 2011 action reveals that

Barker merely copied large swaths of his 2011 complaint, pasted them to the complaint in the

6 – OPINION AND ORDER·

current action, and then changed the names of some of the defendants.[4] The four claims[5] that

Barker did not copy and paste from the 2011 action he appears to have copied and pasted from a

different complaint, once again with nearly identical claims, that he filed in the District of

Oregon in 2013.[6]

   Furthermore, in his response brief to Defendants' motion to dismiss, Barker cites to

Hawaii's Rules of Civil Procedure and the Hawaii state appellate courts as his legal authorities.

*See* ECF No. 31 at 13-14. Although the Hawaiian state courts are undoubtedly replete with wise

and noble jurists, this is a federal action in the District of Oregon. Unsurprisingly, Barker just

finished yet another unsuccessful lawsuit in Hawaii with some claims that are similar to those in

the current action.[7] While the Hawaiian and federal rules of civil procedure are similar, this

Court takes Barker's copied and pasted briefing from his Hawaii case to be one more example of

how his claims are not particularized to the named Defendants but rather part of his larger

campaign against the mortgage and lending industry in general. Rather than alleging specific

facts against specific defendants, Barker simply recycles the same broad allegations in case after

case, hopeing something sticks. Barker then fails to inform this Court that every other court to

see his nearly identical claims, arguments, and briefings has rejected those claims. *Pro se* or not,

Barker's conduct is improper.

### III. Dismissal with prejudice

   Courts have discretion to deny leave to amend where amendments would be futile.

*Klamath Lake Pharm. Assoc.,* 701 F.2d at 1292. In looking at the pleadings, this Court cannot

---

[4] *Compare* ECF No. 1 *with* Second Amended Complaint, *Barker v. GMAC Mortg., LLC,* 2011 WL 7796835 (D. Or.
Aug. 17, 2011).
[5] Claims IV, V, X, XI
[6] *Compare* ECF No. 1 *with* Second Amended Complaint, *Barker v. Saxon Mortg. Corp.*, 2013 WL 9592094 (D. Or.
Aug. 26, 2013).
[7] *See Barker v. Gottlieb,* 2014 WL 5460619 (D. Haw. Oct. 24, 2014).

envision an amendment Barker could make that would give him standing or state a cause of

action arising out of the Property, loans, note, or deed of trust. As a result, leave to amend would

be futile.

Given Barker's history in these actions, I also would not expect Barker to comply with

any court order to amend the complaint in a way that would satisfy Federal Rule of Civil

Procedure 8(a)(2). For example, in dismissing Barker's Second Amended Complaint with

prejudice in the 2011 Oregon action, Judge Mosman commented:

> Plaintiffs have now had three tries at stating a valid claim. Before filing their
> Second Amended Complaint, they had the benefit of my ruling on their
> request for a preliminary injunction and all of the defendants' motions to
> dismiss and motions for summary judgment.

*Barker*, 2011 WL 4754529, at *2. In the Hawaii action, the court dismissed most of Barker's

claims from the Second Amended Complaint with prejudice but allowed Barker to amend four

counts on the express condition that Barker did not have leave to add new claims. *See Barker*,

2014 WL 5460619, at *1-2. Barker responded by filing a Third Amended Complaint that

included the ten claims the judge had dismissed with prejudice, as well as two additional claims

in direct violation of the previous ruling and the judge's Rule 16 Scheduling Order. *Id.* at *2.

Barker's complaint fails to state a claim for relief, and Barker had no standing to bring

the claims in the first place. There are no amendments this Court can conceive of that would cure

the complaint's fatal deficiencies. Nor, given his history, does this Court expect that Barker

would make any effort to properly amend the complaint given the opportunity to do so.

## IV. Sanctions and Order to Show Cause

Federal courts have inherent power to fashion an appropriate sanction for conduct "which

abuses the judicial process." *Chamers v. NASCO, Inc.*, 501 U.S. 32, 44-45 (1991). "[A]n

assessment of attorney's fees is undoubtedly within a court's inherent power[,]" such as when a

party has acted in bad faith. *Id.* at 45. The sanctioning scheme of the Federal Rules of Civil

Procedure is not a substitute for the inherent power of the federal courts to impose sanctions for

bad-faith conduct because the inherent power of the court "is both broader and narrower than

other means of imposing sanctions." *Id.* at 46. As a result, a federal court may "resort to its

inherent power to impose attorney's fees as a sanction for bad-faith conduct" even if "that

conduct could also be sanctioned under the statute or the Rules." *Id.* at 50. Although the court

should ordinarily rely on the Rules to impose sanctions, a federal court has discretion to rely on

its inherent power if it determines that "neither the statute nor the Rules are up to the task[.]" *Id.*

Defendants did not file a motion for sanctions, but a court can impose *sua sponte*

sanctions "in situations that are akin to a contempt of court." *United Nat'l Ins. Co. v. R &D Latex

Corp.*, 242 F.3d 1102, 1116 (9th Cir. 2001) (citation and internal quotation marks omitted).

Although this Court recognizes that Barker is a *pro se* litigant, that fact does not grant Barker the

right to abuse the judicial process by repeatedly filing frivolous lawsuits and ignoring the

instructions of the court.

In the following excerpt, one need only replace "Bigsby" and "Postal Service" with

"Barker" and "mortgage industry" to capture this Court's sentiments:

> This court grows weary of expending judicial energy upon meritless and
> frivolous lawsuits. Mr. Bigsby has waged a crusade against the Postal Service
> for several years now, and as already noted, makes his second appearance in
> this district with his claims.
>
> . . .
>
> *Pro se* litigants are not beyond the purview of the sanctions contained
> in Federal Rule of Civil Procedure 11 for the filing of meritless and frivolous
> claims. The Bigsbys are bound by the same obligations as attorneys to
> investigate their claims, both factually and legally, to determine their merit

9 – OPINION AND ORDER

> before filing. Such an obligation ensures that judicial resources are not
> wasted, and that defendants are not harassed by disgruntled parties with the
> rigors of unnecessary litigation. As well, this court always carries with it the
> inherent power to sanction misconduct by the parties appearing before it.
> Sanctions can be monetary, such as the payment of attorneys' fees for the
> opposing party[.]

*Bigsby v. Runyon*, 950 F. Supp. 761, 768 (1996). Similar to Mr. Bigsby, Barker has waged a

crusade against the mortgage and lending industry for several years, and as already noted, makes

his third appearance in this district with his claims. Furthermore, Barker has not only acted

contemptuously and in bad faith before the Oregon courts, but he violated the terms of the

Hawaii federal court's ruling and Rule 16 Scheduling Order as well.

Barker clearly has no respect for the substantive law governing his claims or the authority

of the courts in which he files them. Barker copied and pasted claims from previous complaints

that two federal judges in the District of Oregon have already dismissed, and he should be well

aware by now that he cannot represent Zuma Enterprises' interests as a *pro se* litigant.

Additionally, Barker has refused to acknowledge the fact that his improper removal of the

underlying state foreclosure action created two separate federal cases, despite irrefutable

evidence to the contrary. After receiving clear oral instructions on the matter from the court

during a telephone hearing on the motions to dismiss, Barker even accused the court of falsifying

the case number in order to create two separate causes of action. *See* ECF No. 31, p. 2.

Barker's conduct compels me to impose sanctions that will act as an adequate deterrent to

prevent Barker from continuing his bad faith pattern of harassing litigation and abuse of the

judicial process. Therefore, this Court directs Barker to show cause as to why he should not be

sanctioned for his behavior in this action, including an explanation of why reasonable costs and

attorneys' fees are not appropriate.

10 – OPINION AND ORDER

## CONCLUSION

For the above reasons, the Defendants' motions, ECF No. 25 and 28, are GRANTED, and Barker's complaint, ECF No. 1, is dismissed in its entirety with prejudice. Barker's Motion to Consolidate, ECF No. 31, IS DENIED. Barker is hereby ORDERED to show cause within 14 days as to why Defendants' reasonable costs and attorneys' fees are not an appropriate sanction for Barker's bad faith conduct and frivolous filings in this case.

IT IS SO ORDERED.

DATED this 9th day of April, 2015.

_____
Michael McShane
United States District Judge

11 – OPINION AND ORDER