IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

CHARLES BARKER III,

    Plaintiff,

v.

U.S. NATIONAL BANK, *et al.*

    Defendants.

Case No. 3:14-cv-2050-MC

ORDER

MCSHANE, Judge:

In an April 9, 2015 opinion, ECF No. 35, I explained in great detail Barker's improper conduct in this case and several other similar cases Barker filed in the past. At the conclusion of that opinion, I noted that "Barker's conduct compels me to impose sanctions that will act as an adequate deterrent to prevent Barker from continuing his bad faith pattern of harassing litigation

1 –ORDER

and abuse of the judicial process. Therefore, this Court directs Barker to show cause as to why he should not be sanctioned for his behavior in this action, including an explanation of why reasonable cost and attorney's fees are not appropriate." Opinion, 11. Barker's response—filed not in this case but in his other pending case before me—avoided any discussion of his conduct in this action and his previous lawsuits. Instead, Barker merely rehashed his arguments that discovery is needed in this case to reveal the nefarious nature of these defendants and the banking industry as a whole. Barker also reiterated his belief that there is only one case, not two. In short, Barker ignored my analysis explaining why his claims fail on the merits, and ignored responding to my order to show cause why he should not be sanctioned for re-raising his nearly identical arguments previously rejected by numerous other courts. Therefore, in my July 9, 2015 order, I concluded Barker's actions warranted sanctions in the form defendants' reasonable costs and attorney's fees. ECF No. 39.

Defendants United States National Bank, U.S. Bankcorp, U.S. Bank as Trustee for Greenpoint Mortgage Funding, Ocwen Loan Servicing, LLC, Mortgage Electronic Systems, and Citibank N.A. as Indenture Trustee moved for $11,152.00 in attorney's fees. ECF No. 40. Barker did not respond to the motion for fees, and the time to do so is long passed.

Carlos Rasch, an attorney with eight years of experience, moves for 40.1 hours at $250.00 per hour for a total of $10,025.00. Emilie Edling, an attorney with 11 years of experience, moves for 3.4 hours at $275.00 per hour for $935.00. Eric Houser, an attorney with 28 years of experience, moves for .6 hours at $320.00 per hour for $192.00. The total fees requested amount to $11,152.00.

2 –ORDER

I conclude the above hours and rates are reasonable. The hourly rates for each of the three attorneys fall at or slightly below the median hourly rate for attorneys with similar experience according to the latest Oregon State Bar Economic Survey.

The time spent is reasonable. After conferring with Barker in an attempt to avoid wasting hours on a motion to dismiss, defendants fully briefed a successful motion to dismiss Barker's 62-page complaint. ECF No. 40, 2-3; ECF No. 28. Barker responded to the motion to dismiss, and filed his own 23-page motion to consolidate his two pending cases before me. Barker's own filings needlessly drove up the hours required to properly defend this action. 44.1 total hours spent responding to Barker's various claims and motions is certainly reasonable under the circumstances.

Defendants' motion for fees, ECF No. 40, is GRANTED. Defendants are awarded 11,152.00 in fees.

IT IS SO ORDERED.

DATED this 21st day of September, 2015.

                                                Michael McShane
                                        United States District Judge

3 – ORDER